IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FILED
MAY 2 6 2011
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | No. |
| ) | |
| vs. ) | |
| ) | 4:11CR00205CEJ |
| BENNY CARMI, ) | |
| ) | |
| Defendant. ) | |

## INDICTMENT

### The Defendant

1. At all times relevant to this Indictment, defendant Benny Carmi ("Carmi") was a resident of Israel. Carmi and others operated Internet websites that caused the importation and introduction of counterfeit and misbranded drugs into foreign and interstate commerce, including multiple drug shipments from outside the United States of America to the City of St. Louis, Missouri, within the Eastern Division of the Eastern District of Missouri.

### The Drug

2. At times relevant and material herein tadalafil (sold in the United States as Cialis®), was a drug within the meaning of Title 21, United States Code, Section 321(g)(l), and further was a prescription drug within the meaning of Title 21, United States Code, Section 353(b)(l)(A) in that, due to its toxicity and other potentiality for harmful effect, and the method of the drug's use, this drug was not safe for use except under the supervision of a practitioner licensed by law to administer such a drug, and within the meaning of Title 21, United States Code, Section 353(b)(1)(B), in that the use of the drug was limited by approved new drug applications to use under the professional supervision of a practitioner licensed by law to administer such drug.

**Defendant Operated Internet Websites Selling Misbranded Drugs**

3. During 2007, and at other times relevant to this Indictment, defendant and others operated an Internet business that used multiple websites, including "allpillsrx.com," "newpharm.net," "pharmacy-on-line.com," "pharmacy-on-line.com," "pricepills.com," and "pharmacy-pal.com." Through these Internet websites, defendant sold and dispensed various prescription drugs to purchasers located throughout the United States, including approximately 9029 separate drug shipments to purchasers in the United States which generated at least $1,475,363 in gross proceeds. Approximately 98 separate customers in Missouri purchased drugs from these Internet websites, causing defendant and others to ship 4,022 drug dosage units to customers in Missouri without valid prescriptions from legitimate health care providers.

4. During 2007, and at other times relevant to this Indictment, the Government conducted a series of "undercover" purchases of drugs with some of defendant's Internet websites, and repeatedly ordered various prescription drugs and controlled substances, including Meridia, from defendant's Internet websites without providing a valid prescription from any qualified health care professional. In response, defendant and others, through the Internet websites, shipped a number of drug packages to shipping addresses located in the Eastern District of Missouri containing various prescription drugs. Typically, packages containing drugs were imported to St. Louis, Missouri from China and India, with the exterior packaging falsely describing the contents of the shipments as "gifts" that had "no commercial value."

5. The Government provided samples of the drugs obtained through defendant's Internet websites to legitimate drug manufacturing companies located in the United States to determine if the drugs were genuine products of these companies or counterfeit drugs. The U.S. Food and

Drug Administration's Forensic Chemistry Center performed tests to determine the potency of these shipped drugs. Testing and analysis revealed that the drugs received by the Government from defendant and others via the "undercover" purchases were not genuine versions of the drugs that had been manufactured in FDA-approved drug manufacturing plants in accordance with federal law. Moreover, some of defendant's drugs were sub-potent, containing less than the amount of active drug ingredient than what was specified in the labeling for the drugs.

## COUNT ONE

The United States Attorney charges that:

6. The United States adopts paragraphs 1-5 and as for paragraph 6.

7. On or about June 26, 2007, in the Eastern District of Missouri, and elsewhere,

### BENNY CARMI,

defendant, with the intent to defraud and mislead, caused the introduction and delivery into interstate commerce of the drug tadalafil which was misbranded in that:

(a) the drug was dispensed without a prescription from a practitioner licensed by law to administer such drug, and;

(b) the drug's labeling was false and misleading in any particular, specifically the drug's labeling stated that the drug was 20 milligram strength when, in fact, tablets of the drug were sub-potent and contained just 60% of the label's claimed amount of active ingredient of the drug.

All in violation of Title 21, United States Code, Sections 331(a), 333(a)(2), 352(a)(1), and 353(b)(1), and Title 18, United States Code, Section 2.

## COUNT TWO

8. The United States adopts paragraphs 1-5 and as for paragraph 8.

9. On or about June 26, 2007, in the Eastern District of Missouri, and elsewhere,

**BENNY CARMI,**

defendant, aiding and abetting others and aided and abetted by others, fraudulently and knowingly did import and bring into the United States certain merchandise, that is, a package containing the drug tadalafil, contrary to law, in that the package was mislabeled as a "gift" with "no commercial value," when in fact the package contained misbranded prescription drugs that were falsely labeled in violation of 21 U.S.C. Sections 331(a) and 352(a).

All, in violation of Title 18, United States Code, Sections 545 and 2, and 21 U.S.C. Sections 331(a), 352(a)(1), and 331(i)(3).

## COUNT THREE

10. The United States adopts paragraphs 1-2 and as for paragraph 7.

11. On or about June 26, 2007, in the Eastern District of Missouri, and elsewhere,

**BENNY CARMI,**

defendant, aiding and abetting others and aided and abetted by others not charged in this Indictment, with the intent to defraud and mislead, sold and caused the sale of certain articles of drug, namely tablets of purported brand name Cialis®, which were counterfeit drugs within the meaning of Title 21, United States Code, Section 321(g)(2), in that, without proper authorization, said tablets bore the trade name and other identifying marks of genuine Cialis® and thereby were falsely represented to be genuine Cialis®.

4

All in violation of Title 21, United States Code, Section 331(i)(3) and 333(a)(2), and Title 18, United States Code, Section 2.

A TRUE BILL.

_____
FOREPERSON

RICHARD G. CALLAHAN
United States Attorney


ANDREW J. LAY #28542
Assistant United States Attorney